NOT FOR PUBLICATION

FILED
JUL 26 2012
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re

ROXANE ROMERO CASTILLO

      Debtor.
_____/

Case No. 12-15265-A-13
DC No. FJA-1

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING MOTION TO EXTEND THE STAY**

    This is a Motion to Extend the Stay.  11 U.S.C. § 362(c)(4).[1]

    This is the debtor's third bankruptcy within the last 12 months.

    The first came on March 2, 2011, when the debtor filed a Chapter 13 bankruptcy.  *In re Castillo*, No. 11-12462 (Bankr. E.D. Cal. 2011). That case was dismissed on August 17, 2011.

    The second came on April 10, 2012, when the debtor filed a second Chapter 13 bankruptcy.  *In re Castillo*, No. 12-13198 (Bankr. E.D. Cal. 2012).  It was dismissed on May 4, 2012.

    This case, also a Chapter 13 bankruptcy, was filed on June 12, 2012.  On July 5, 2012, the debtor moved to impose the stay pursuant to 11 United States Code §362(c)(4).  That matter came on for hearing on July 19, 2012.  It was opposed by creditor Valley Mortgage

---

[1] This court has jurisdiction.  28 U.S.C. § 157(b) and § 1334(b).  This is a core proceeding.  28 U.S.C. § 157(b)(2)(A), (G), and (O).  Venue is proper under 28 U.S.C. § 1409(a).

1

Investments.

11 United States Code §362(c)(4) authorizes the court to impose the stay in favor a debtor who is not otherwise protected by the stay because of several filings, provided a motion is made in a timely fashion and upon a showing that the case was filed in good faith. First, the court finds this motion timely. Compare, 11 United States Code §362(c)(4)(B) (applicable to debtors with two previous bankruptcies pending one year of the instant case requiring the debtor to "request" the court to impose the stay within 30 days of the petition), with 11 United States Code §362(c)(3)(B) (applicable to debtors with only one previous bankruptcy pending one year of the instant case but requiring that the hearing be "completed" within 30 days of the petition). This case was filed June 12, 2012; the motion to impose the stay was filed July 5, 2012, and is timely. 11 U.S.C. §362(c)(4)(B).

Second, the debtor has not made an adequate showing of good faith. In this case, there is a presumption of a lack of good faith. It exists as to all creditors because two cases have been pending within the last year. 11 U.S.C. §362(c)(4)(D). The presumption also exists as to Valley Mortgage, because the objecting creditor moved for stay relief and received relief in the form of an adequate protection order in the first of the three cases. In re Castillo, No. 11-12462 (Bankr. E.D. 2011), Motion for Stay Relief and Civil Minute Orders for Adequate Protection, April 5, May 10, June 2 and June 23, 2011, ECF Nos. 15, 33, 38, 56. Such presumptions may only be rebutted by clear and convincing evidence. 11 U.S.C. §362(c)(4)(D). The court does not find it so rebutted.

Moreover, even if no presumption had arisen, the debtor has not

met her burden of proof as to good faith.  11 United States Code §362(d)(4)(B) authorizes the imposition of the stay only if the debtor "demonstrates that the filing of <u>the later case</u> is in <u>good faith as to the creditors to be stayed.</u>" (emphasis added).  First, the debtor's declaration wrongfully focuses the reasons for her previous petition, and not the evidence that this particular case was filed in good faith.  Second, the only evidence of good faith in this case are two statements.  "I have filed or instructed my attorney to file all of my bankruptcy court documents in good faith in an effort to able to stay in my home, get relief rom my debts by reorganization and protect my rights."  Declaration of Castillo ¶6, July 5, 2012, ECF No. 28.  But these are conclusions, not facts.  LBR 9014-1(d)(6).  It also states, "The current was file [sic], in full, all schedules, statements, and plan were complete and submitted during the initial filing.  *Id.* at ¶8.  But the filing of all documents in a timely fashion and without extension is not itself sufficient evidence of good faith.  Third, and finally, there is no evidence that the debtor's actions have been taken in good faith as to opposing creditor Valley Mortgage Investments.  The declaration makes no mention of Valley Mortgage and does not propose adequate protection payments until plan confirm, as ordered by the court in the debtor's previous bankruptcy.

Accordingly, the motion is denied.  The moving party shall prepare and lodge an order consistent with the findings herein.

Dated: July 26, 2012

FREDRICK E. CLEMENT, Judge
United States Bankruptcy Court

| | |
|---|---|
| 1 | service list for 12-15265: |
| 2 | Patrick Kavanagh, Esq. |
| | 1331 "L" Street |
| 3 | Bakersfield, California 93301 |
| 4 | Francisco J. Aldana, Esq. |
| | 1430 Truxtun Avenue, 5th Floor |
| 5 | Bakersfield, California 93301 |
| 6 | Michael H. Meyer |
| | Chapter 13 Trustee |
| 7 | P. O. Box 28950 |
| | Fresno, California 93729-8950 |
| 8 | |
| | Office of the U. S. Trustee |
| 9 | United States Courthouse |
| | 2500 Tulare Street, Room 1401 |
| 10 | Fresno, California 93721 |