4

NOT FOR PUBLICATION

FILED
JUL 26 2012
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re

ROXANE ROMERO CASTILLO

Debtor.
_______________________________/

Case No. 12-15265-A-13
DC No. PK-1

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING MOTION TO CONFIRM ABSENCE OF STAY**

This is a Motion to Confirm the Termination of the Automatic Stay. 11 U.S.C. § 362(c)(4)(A)(ii), (j).[1]

The motion is granted.[2] 11 U.S.C. § 362(c)(4)(A)(ii) provides, "Except as provided in subsections (d), (e), (f), and (h) of this section - . . . if a single or joint case is filed by or against a debtor who is an individual under this title, and if two or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under § 707(b), the stay under

---

[1]This court has jurisdiction. 28 U.S.C. § 157(b) and § 1334(b). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A), (G), and (O). Venue is proper under 28 U.S.C. § 1409(a).

[2]This constitutes the court's findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52, incorporated by reference in Federal Rule of Bankruptcy Procedure 7052.



60

subsection (a) shall not go into effect upon the filing of the latter case . . ." Subdivisions (d), (e), (f), and (h) are inapplicable to this case. In this case, the debtor has filed two prior bankruptcies within the previous one year to the filing of the instant petition. The first case was filed as a chapter 13 on March 2, 2011. *In re Castillo,* No. 11-12462 (Bankr. E.D. Cal. 2011). That case was dismissed on August 17, 2011, for failure to make plan payments. The second case, also a chapter 13, was filed on April 10, 2012. *In re Castillo,* No. 12-13198 (Bankr. E.D. Cal. 2012). It was dismissed on May 4, 2012, for failure to file documents. This case was filed on June 12, 2012. Since there were two previous cases filed within one year prior to the filing of the petition in this case, and since none of those cases were dismissed under § 707(b), § 362(c)(4)(A)(ii) has been triggered, and no stay came into play upon the filing of the petition.

An exception to the general rule exists. 11 U.S.C. §362(c)(4)(B) provides, "[I]f, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed . . ." In this circumstance, the debtor has made such a motion to impose the stay. This court has denied that motion.

Accordingly, the elements of a *prima facie* case under § 362(c)(4)(A)(i) having been satisfied, and the debtor having failed to re-establish the stay pursuant to the exception delineated thereunder, there is no stay in effect at this time, and the motion is

granted.

The moving party shall prepare and lodge an order consistent with the findings herein.

DATED: July 26, 2012

FREDRICK E. CLEMENT, Judge
United States Bankruptcy Court

service list for 12-15265:

Patrick Kavanagh, Esq.
1331 "L" Street
Bakersfield, California 93301

Francisco J. Aldana, Esq.
1430 Truxtun Avenue, 5th Floor
Bakersfield, California 93301

Michael H. Meyer
Chapter 13 Trustee
P. O. Box 28950
Fresno, California 93729-8950

Office of the U. S. Trustee
United States Courthouse
2500 Tulare Street, Room 1401
Fresno, California 93721